**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANDREA R. RANDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-2497-KHV-DJW |
| | ) |
| SHARILYN HOPSON, | ) |
| Social Security Judge, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on the Motion to Stay Discovery (ECF No. 16) filed by Defendant Sharilyn Hopson. Defendant seeks an order staying all discovery in this case, including the obligations to provide initial disclosures and to prepare the Report of the Parties' Planning meeting, until the Court rules on Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1] Plaintiff, proceeding pro se, has filed a response to the Defendant's Motion to Dismiss, which was also docketed as Plaintiff's response to Defendant's Motion to Stay Discovery.[2] Defendant has filed a reply.[3] For the reasons set forth below, the motion is granted.

**I.  Background**

Plaintiff, in her complaint, alleges that Administrative Law Judge Sharilyn Hopson said "mean and nasty things about me, my son, my race and my lawyer."[4] These comments were allegedly made at or immediately after a hearing over which Judge Hopson presided.

---

[1] ECF Nos. 14 and 15.
[2] ECF No. 17.
[3] ECF No. 19.
[4] Complaint, ECF No. 1 at 3.

Defendant contends that the case should be stayed pending the district court's ruling on Defendant's Motion to Dismiss. In that motion, Defendant asserts that all of Plaintiff's claims against ALJ Hopson in her official capacity are barred by sovereign immunity and should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and Plaintiff's claims against ALJ Hopson in her individual capacity are barred by judicial immunity and should be dismissed for failure to state a claim pursuant to 12(b)(6). Thus, Defendant contends, because all of Plaintiff's claims are barred by some type of immunity, discovery should be stayed as the case will likely be dismissed.

## II.    Standards for Ruling on a Motion to Stay Discovery

The Court has great flexibility in determining the time, manner and scope of discovery. Such flexibility allows the Court to create a discovery plan which best serves the interests of justice. The ability of the Court to impose appropriate limits on discovery is recognized in Fed. R. Civ. P. 26(b)(2). The Court has the authority to tailor the discovery schedule to specifically fit the needs of a particular case.[5] This is all under the general purview and mandate of Fed. R. Civ. P. 1, that the rules be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

The general policy in this district is not to stay discovery pending a ruling on a dispositive motion.[6] However, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided … where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be

---

[5] *See* Fed. R. Civ. P. 16(a)(3) (recognizing the purpose of discouraging wasteful pretrial activities); Fed. R. Civ. P. 16(b)(3) (recognizing the Court's authority in a scheduling order to modify the timing of initial disclosures, to modify discovery, to set dates for pretrial conferences and to include "other appropriate matters").
[6] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

wasteful and burdensome."[7]  The United States Supreme Court has recently stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953-54 (2009), that a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses.

## III.   Discussion

After carefully reviewing Plaintiff's complaint and Defendants' motion in light of the appropriate circumstances for granting a stay as articulated in *Wolf*, the Court finds that all three of the circumstances described in the *Wolf* decision are evident in the matter at hand.  The Defendant's Motion to Dismiss and supporting Memorandum urges dismissal on grounds of sovereign and judicial immunity.  A stay of discovery is appropriate because a ruling on the Motion to Dismiss will likely conclude Plaintiff's action and because discovery will not provide any information that could possibly affect the outcome of the ruling on the Defendant's Motion to Dismiss.  The issues raised in the Motion to Dismiss are questions of law, not of fact.

The Court finds that until the dispositive legal issues raised in the Motion to Dismiss are resolved, discovery and other Rule 26 activities in Plaintiff's case would be wasteful and burdensome to the Court and all parties involved.[8]  Because the Court finds merit in the relief requested, the Court will grant the Defendant's motion, and thereby grant a stay of discovery. The stay imposed will extend until the trial judge has ruled upon the motion to dismiss currently pending, or by further order of the Court.

**IT IS THEREFORE ORDERED** that the Defendant Sharilyn Hopson's Motion to Stay Discovery (ECF No. 16) is granted.

Dated in Kansas City, Kansas on this 9th day of January, 2013.

---

[7] *Id*.
[8] *See Wolf*, 157 F.R.D. at 495 (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297-98 (D. Kan. 1990) and Fed. R. Civ. P. 1; 16 (recognizing the Court's right to control discovery-related activities)).

4

                                                s/ David J. Waxse
                                                David J. Waxse
                                                United States Magistrate Judge