IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREA R. RANDLE, )
)
        **Plaintiff,** )
) CIVIL ACTION
v. )
) No. 12-2497-KHV
SHARILYN HOPSON, )
Social Security Judge, )
        **Defendant.** )
_____)

## MEMORANDUM AND ORDER

Andrea R. Randle brings suit pro se under 42 U.S.C. §§ 1981, 1983 and 1985, asserting that Administrative Law Judge Sharilyn Hopson violated her civil rights.[1] Plaintiff's claims stem from a Social Security Administration disability hearing that took place by video conference on July 25, 2012. Plaintiff alleges that after the hearing adjourned, the audio was not disconnected, and ALJ Hopson "[s]aid mean and nasty things about me, my son, my race, my lawyer," among other things. Plaintiff seeks money damages in excess of $75,000, a written apology and ALJ Hopson's resignation. This matter comes before the Court on <u>Defendant Administrative Law Judge Sharilyn Hopson's Motion To Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)</u> (Doc. #14) filed November 19, 2012.

Defendant asserts the Court must dismiss the official capacity claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the United States is entitled to sovereign immunity. See <u>Normandy Apartments, Ltd. v. United States Dep't of Hous. & Urban Dev.</u>, 554 F.3d

---

[1] On the pro se complaint form, in the space for "Additional Defendants," plaintiff wrote that a medical examiner and a court reporter were present during and after the hearing. <u>Complaint</u> (Doc. #1) filed August 2, 2012, at 2. The complaint does not appear to allege any claims against the medical examiner or the court reporter. See <u>id.</u> at 1-6.

1290, 1295 (10th Cir. 2006) (lawsuit against federal employee for acts done in official capacity is lawsuit against United States). Defendant asserts that the Court must dismiss plaintiff's individual capacity claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because judicial immunity bars such claims. See Mireles v. Waco, 502 U.S. 9, 12-13 (1991) (judicial immunity from suit not overcome by allegations of bad faith or malice, which ordinarily cannot be resolved without engaging in discovery and trial). Plaintiff responds that she was treated unfairly and would like to have her day in court. Response To Motion (Doc. #17) filed November 21, 2012, at 1.

In ruling on the motion to dismiss, the Court is mindful of plaintiff's pro se status, and thus liberally construes the complaint. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Based upon the arguments and authorities set forth in defendant's well-reasoned brief, however, the Court finds that it lacks subject matter jurisdiction over plaintiff's official capacity claims and that defendant is entitled to judicial immunity on plaintiff's individual capacity claims.[2]

**IT IS THEREFORE ORDERED** that Defendant Administrative Law Judge Sharilyn Hopson's Motion To Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. #14) filed November 19, 2012 be and hereby is **SUSTAINED**. Plaintiff's claims are hereby **DISMISSED**.

Dated this 16th day of April, 2013 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                Kathryn H. Vratil
                                                United States District Judge

---

[2] The Court obviously cannot condone the type of unprofessional conduct which plaintiff alleges in the complaint, but such conduct does not give rise to a cause of action under federal law. See Garrett v. Slief, No. 11-3226-SAC, 2012 WL 262590, at *3 (D. Kan. Jan. 30, 2012).